# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ROY C. STRAUGHAN, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Reconsideration (Filing No. 762) of the Memorandum and Order denying the Defendant's Motion for a Sentence Reduction.

## FACTUAL BACKGROUND

The Order on sentencing Schedule required that the Defendant file any objections to the Presentence Investigation Report ("PSR") with the probation officer on or before July 12, 2004, and any remaining objections after the submission of the final version of the PSR with the Court on or before August 9, 2004. No objections were timely filed, as reflected in the Tentative Findings. Defense counsel[1] then filed objections on November 1, 2004. One of the arguments raised in the objections related to the drug quantity attributed to the Defendant, over 3 kilograms of cocaine base. A meeting was held in chambers with respect to the Defendant's request for a continuance of the sentencing hearing. At sentencing, a lengthy hearing was held with respect to other objections that related to prior convictions as they related to the government's Information filed under 21 U.S.C. § 851, the Defendant's alleged career offender status, and his criminal history category. The

---

[1] At all pertinent times, the Defendant was represented by A. Michael Bianchi.

Court did not address, and the Defendant never raised, the issue of drug quantity at the sentencing hearing. The issue was not raised on direct appeal.

In the Motion to Reconsider, the Defendant argued that the Court never addressed the issue of drug quantity and stated that the PSR included two different amounts, 1.5 kilograms and 3.0 kilograms. The PSR included information regarding two transactions, each involving 1.5 kilograms and the assignment of at "over" 3 kilograms of cocaine base attributable to the Defendant. During allocution, defense counsel mentioned evidence that he became aware of after trial consisting of conflicting testimony in another case given by government witness Curtis Holmes. Holmes's testimony in this case supported at least 1.5 kilograms of cocaine base being attributed to the Defendant. The sole context of this discussion related to a possible motion for new trial. After allocution, the Court inquired, "is there any reason I should not proceed to sentencing other than the ones we've already discussed?" (Filing No. 541, at 30:15-16.) Defense counsel answered: "No, ma'am." (*Id.*, at 30:19.)

## DISCUSSION

In the Motion, defense counsel states his "good faith" belief that the Court did not address the drug quantity issue was because at the time of sentencing was irrelevant whether the Defendant would be attributed with 1.5 as opposed to more than 3 kilograms of cocaine base. He argues that the rule of lenity should apply because now under U.S.S.G. § 2D1.1 the difference would result in a different offense level.

The record reflects that the issue of drug quantity was not timely raised. Neither the Defendant nor his counsel raised the issue at sentencing or on appeal. The record does

2

not support counsel's "good faith" belief that the objection was not addressed because at the time the lower quantity, 1.5 kilograms, would not have benefitted the Defendant.

Accordingly,

IT IS ORDERED that the Defendant's Motion for Reconsideration (Filing No. 762) is denied.

DATED this 11th day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge